UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| GERALD T. TAYLOR,       ) | |
| ) | |
| Plaintiff,       ) | |
| ) | |
| ) | |
| VS.                    ) | No. 20-1221-JDT-cgc |
| ) | |
| ) | |
| HENDERSON COUNTY, ET AL.,  ) | |
| ) | |
| Defendants.     ) | |

ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

Plaintiff Gerald T. Taylor, who is incarcerated at the Henderson County Justice Center (Jail) in Lexington, Tennessee, filed a *pro se* civil complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)  The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b).  (ECF No. 4.)  Taylor sues Henderson County, Sheriff Brian Duke, and Lieutenant Jackie Bausman.

Taylor's allegations are as follows:

> I am a Muslim and I wasn't allowed to have my religious [sic] that were from my family my Quran my prayer rug my kufi head attire and my prayer oil[.] Every other religion have been allow[ed] to [have] Bibles m[e]dallions daily devotions [et cetera].  I'm not a terro[r]ist no[r] am I a radical.  I only want to practice my reli[g]ion properly!

(ECF No. 1 at PageID 2).  He seeks $200,00 in damages.  (*Id.* at PageID 3.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Taylor v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Taylor*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v.*

*Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Taylor filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Taylor does not allege a valid claim against Henderson County,[1] which may be held liable *only* if Taylor's injuries were sustained pursuant to an unconstitutional custom or policy. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred

---

[1] To the extent Taylor seeks to sue the Defendants in their official capacities, those claims also are treated as claims against their employer, Henderson County.

due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).  Taylor does not allege he has been deprived of a right because of a Henderson County policy or custom and thus does not state a claim against the County or against the Defendants in their official capacities.

The Court construes Taylor's complaint as seeking to raise both a First Amendment free exercise claim and a Fourteenth Amendment equal protection claim.  Though prisoners retain a First Amendment right to the free exercise of their religion, *see O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987), "'the circumstances of prison life may require some restrictions on prisoners' exercise of their religious beliefs.'" *Hayes v. Tennessee*, 424 F. App'x 546, 549 (6th Cir. 2011) (quoting *Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir. 1985)).  "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

"[T]o establish an equal protection violation, a plaintiff must establish more than differential treatment alone—a discriminatory intent or purpose is required." *Maye v. Klee*, 915 F.3d 1076, 1085 (6th Cir. 2019).  However, "classifications that disadvantage a 'suspect class' or that impinge upon the exercise of a 'fundamental right'" are presumed

4

invalid, *id.* (quoting *Plyler v. Doe*, 457 U.S. 202, 216-17 (1982)), and "will be sustained only if . . . suitably tailored to serve a compelling state interest." *Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005) (quoting *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 440 (1985)).

Taylor alleges he is a Muslim and that he was not allowed to possess a Quran and other religious materials provided by his family, whereas inmates of other religions have been allowed to possess similar religious items. He does not, however, set forth in sufficient detail the allegedly wrongful actions taken by either Duke or Bausman. For example, Taylor does not state the manner in which he asked to be allowed to possess his religious items, any reasons given for the denial of the request, or whether he was advised of any alternative way he could obtain the materials other than having them provided by his family. Taylor also does not allege how inmates of other religions at the Jail are allowed to obtain their religious materials, whether through family or by other means. He does not, in fact, even allege that it was Bausman and Duke who denied his requests rather than a subordinate.[2]

For these reasons, Taylor's complaint is subject to dismissal for failure to state a claim on which relief may be granted.

---

[2] If Taylor is suing Bausman and/or Duke only as supervisors of other Jail employees who allegedly denied his rights, he must show that the Defendants "encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "At a minimum," Taylor must show the Defendants "implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates." *Id.*

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds that Taylor should be given an opportunity to amend his complaint.

In conclusion, Taylor's original complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii) and 1915A(b)(1). However, leave to file an amended complaint is GRANTED.

**Any amended complaint must be filed within twenty-one days after the date of this order, on or before February 11, 2021.** Taylor is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the prior pleading. The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the amendment. Each claim for relief must be stated in a separate count and must identify each Defendant sued in that count. If Taylor fails to file an amended complaint within the time specified, the Court will dismiss this

6

case with prejudice in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g), and enter judgment.

IT IS SO ORDERED.

                                                  s/ **James D. Todd**
                                                  JAMES D. TODD
                                                  UNITED STATES DISTRICT JUDGE